## (June 3, 1968)

■ In the Matter of ALBERT JOVEN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner. — In this proceeding to discipline an attorney for professional misconduct, petitioner moves to confirm in part and disaffirm in part the report of the Justice of the Supreme Court to whom this court referred the issues for hearing and report; and respondent cross-moves to confirm the report. Respondent was admitted to the Bar by this court on October 22, 1941. The proceeding involves three charges against respondent, set forth in the petition, each based on a complaint by a client or clients in a separate real property sale transaction. In his answer to the petition respondent admitted Charge I in its entirety and certain allegation in Charges II and III. The charges, the admissions, and the reporting Justice's findings are as follows: I. Respodent advised his seller-client in July, 1965, that he was holding $9,288.67, proceeds of the sale, for the client and would send it to the client, but nevertheless, and despite demands, respondent did not make payment to the client until about June, 1966; failed to give an explanation and produce relevant checkbooks, etc., although he had promised to do so; and failed to appear at meetings of petitioner's grievance committee on January 18, 1967, February 15, 1967, and March 15, 1967, despite certified-mail notification to him as to all said meetings, plus personal service of a subpœna issued out of this court as to the February meeting. The report indicates that this charge was established by respondent's express admission in his answer to the petition. II. Respondent received a $1,400 down payment for his seller-client in escrow pursuant to the contract of sale dated July 3, 1965 (subds. [a], [b]); was requested to cause title objections to be removed, but "failed to take any action thereupon despite numerous demands" (subd. [c]); "failed to close title despite numerous demands" (subd. [d]); "failed to answer any inquiries from his client or do anything to further or protect her interests" (subd. [e]); "failed to return the sum deposited with him in escrow despite numerous demands or account for its disposition" (subd. [f]); and "failed to answer this complaint although directed to do so by petitioner's grievance committee" (subd. [g]). The answer admitted subdivisions (a), (b) and (g) and denied the other subdivisions except that it expressly alleged that title was not closed "because of certain legal questions" and that the "$1,400 was returned on or about October 11, 1967." The report indicates that the admitted subdivisions were established by the admissions; states that subdivision (c) was proved, except as to the allegation that respondent had taken no action despite demands, and that as to that it is found that "some action * * * was taken but there was neglect to proceed diligently * * * in accordance with his duty as an attorney," with resultant "failure to complete removal of the exceptions up to the time of this hearing" (the hearing before the Justice); finds subdivision (d) "irrelevant except as it incorporates implicitly the finding in respect to" subdivision (c); finds subdivision (e) unproved, except that, as to respondent's failure to "do anything to further or protect" the client's interests, it states that the finding on subdivision (c) is "control[ling]"; and finds that the down payment was returned on October 11, 1967 (subd. [f]). III. Respondent received $189 from his two purchasers-clients on April 17, 1966 to pay title company charges and to record the deed (subds. [a], [b]); failed to procure a title policy, retained so much of the $189 as was not required for recording the deed, and failed to give an explanation, despite demands (subds. [c], [d]); and failed to answer this complaint although directed to do so by petitioner's

grievance committee (subd. [e]). The answer admitted subdivisions (a), (b) and (e), denied the other subdivisions, and alleged that a title policy was obtained and paid for about August, 1967. The report indicates that the admitted subdivisions were established by the admissions; states that subdivision (c) was not established and, on the contrary, it is found that a title policy was obtained and paid for, and that it is also found that the deed was recorded; and finds that the facts are contrary to subdivision (d). Petitioner asks (1) confirmation of the report as to Charges I and II and subdivisions (a), (b) and (e) of Charge III and (2) disaffirmance as to subdivisions (c) and (d) of Charge III. As to these disputed subdivisions of Charge III, it is our opinion that, in view of the evidence that respondent ultimately procured and paid for a title policy, so that no one was caused any loss by his neglect, and that the client wanted his complaint withdrawn, we deny so much of petitioner's motion as seeks disaffirmance in part. Otherwise, petitioner's motion is granted. Respondent's cross motion is granted to the extent of the findings made; and otherwise denied. With respect to the nature and extent of the punishment which should be imposed, we have taken into consideration the extenuating circumstances in which respondent has found himself. However, on the basis of the entire record, including the fact of respondent's lack of co-operation with petitioner's grievance committee, it is our judgment that respondent should be, and he hereby is, suspended from the practice of law for a period of two years, commencing July 1, 1968. Beldock, P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.